NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3204

LAWRENCE R. HARTMAN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: April 28, 2005
_____

PER CURIAM.

The Merit Systems Protection Board ("Board") dismissed a request for corrective action because the appellant voluntarily had dismissed a prior appeal to the Board that had challenged the same personnel action and had not shown extraordinary circumstances that would warrant reinstating his appeal. Hartman v. Dep't of Veterans Affairs, No. CH-1221-03-0500-W-1 (M.S.P.B. June 27, 2003) ("Initial Decision"). We affirm.

In June 2000, the Department of Veterans Affairs removed the petitioner Lawrence R. Hartman for inability to perform his duties and unauthorized absence. Hartman appealed the action to the Board, but after he was granted disability retirement, he voluntarily withdrew his appeal, which the Board dismissed in August 2000.

He then filed a complaint with the Office of Special Counsel ("Office"). In 2003 the Office informed him that it was closing its file. It pointed out that under 5 U.S.C. § 7121(g)(2) an aggrieved employee could elect "not more than one" of the following remedies: "(1) to exercise his right to pursue this matter under his agency's negotiated grievance procedure, if any; (2) to file a timely appeal to the Merit Systems Protection Board; or (3) to submit a complaint to the Office of Special Counsel." It stated that "[t]he fact that you had an appeal pending before the Board is evidence of your election of remedies; thus, establishing our lack of jurisdiction." It also stated that he could file a request for corrective action with the Board. Letter from Office to Hartman (Feb. 19, 2003).

Hartman filed such a request. In his initial decision, which became final when the Board denied review, the Board's administrative judge dismissed the request for corrective action. The administrative judge stated:

> The record shows the appellant withdrew his first MSPB appeal, which challenged the removal action that forms the basis for the instant request for corrective action. Withdrawal of an appeal is an act of finality that removes the underlying action from the MSPB's jurisdiction, and the appeal will not be reinstated in the absence of unusual circumstances, such as where the decision to withdraw was based on misleading or incorrect information . . .

04-3204                                    2

> [T]he record does not indicate the sort of unusual circumstances that would justify reinstating the appellant's prior MSPB appeal. Consequently, his request for corrective action must be dismissed.
>
> Although OSC's February 13, 2003 letter invited the appellant to file a request for corrective action with the MSPB, an erroneous notice of appeal rights does not create a right of appeal where one would not otherwise exist.

Initial Decision at 3-4.

II

As the Office noted, under 5 U.S.C. § 7121(g)(2), Hartman was required to elect only one of three remedies. By filing a timely appeal with the Board, Hartman made his election and he was precluded from later seeking relief from the Office. See Thurman v. Dep't of Def., 77 M.S.P.R. 598, 600-01 (1998); Collins v. Dep't of Transp., 89 M.S.P.R. 582, 587-88 (2001). Hartman's voluntary dismissal of his appeal to the Board did not vitiate his earlier election to invoke that remedy.

The Board's settled practice apparently is that an appellant's voluntary withdrawal of an appeal to it precludes the Board from reinstating the appeal unless there are unusual circumstances. See Drummond v. Dep't of Def., 91 M.S.P.R. 231, 233 (2002); Gallegos v. Fed. Deposit Ins. Corp., 90 M.S.P.R. 159, 161 (2001); Roberts v. Dep't of Veterans Affairs, 52 M.S.P.R. 168, 171 (1991). As the administrative judge correctly stated, the fact that the Office told Hartman that he could seek corrective action from the Board does not create a right of appeal where one would not otherwise exist. See Mosher v. United States Postal Serv., 32 M.S.P.R. 355, 357 (1987).

We have no reason to reject the administrative judge's conclusion that Hartman had not shown "the sort of unusual circumstances that would justify reinstating the appellant's prior MSPB appeal." The Board justifiably concluded that Hartman having

"manifested signs of mental illness" did not amount to such unusual circumstances. The Board also noted that Hartman "has not alleged that he relied on misleading or incorrect information in reaching his decision to withdraw his first MSPB appeal." Initial Decision at 3. Consequently, the Board's dismissal of Hartman's request for corrective action was proper.

## CONCLUSION

The Board's dismissal of Hartman's request for corrective action is affirmed.